**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Jesus MADRIGAL–DIAZ,**
**Defendant–Appellant.**

**No. 08–10075.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 16, 2009.*

Filed June 22, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Laurie K. Gray, Esquire, Assistant U.S., Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

John J. Jordan, Law Office of John J. Jordan, San Francisco, CA, for Defendant–Appellant.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Jose Jesus Madrigal–Diaz appeals from the 85–month sentence imposed following his guilty-plea conviction for illegal reentry by an alien after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Madrigal–Diaz contends that the sentence imposed was unreasonable because the district court relied too heavily on the Guidelines calculations and the government's sentencing memorandum, placed undue emphasis on his criminal history to the exclusion of the other 18 U.S.C. § 3553(a) factors, failed to account for his arguments with respect to cultural assimilation and his willingness to stipulate to summary deportation, and did not properly consider his arguments in mitigation. We conclude that the district court did not procedurally err, and that the sentence imposed is substantively reasonable. *See Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 596–97, 169 L.Ed.2d 445 (2007); *see also United States v. Carty,* 520 F.3d 984, 992–93 (9th Cir.2008) (en banc).

Madrigal–Diaz also contends that the district court erred under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) by enhancing his sentence beyond the two-year statutory maximum. This contention is foreclosed. *See United States v. Beng–Salazar,* 452 F.3d 1088, 1091 (9th Cir.2006).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.